FILED
AUG 2 2 2007
8-22-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RASHAD B. SWANIGAN,

                Plaintiff,

v.

ROBERT TROTTER, SCOTT MULANE,
Chicago Police Officers MUELLER, REYES,
RAMIREZ, UNKNOWN NUMBER OF
UNNAMED OFFICERS OF THE CHICAGO
POLICE DEPARTMENT, and CITY OF
CHICAGO,

                Defendants.

07CV 4749
JUDGE KENDALL
MAGISTRATE JUDGE SCHENKIER

) Magistrate Judge _____
)
) JURY TRIAL DEMANDED
)
)

## CIVIL RIGHTS COMPLAINT

Plaintiff, RASHAD B. SWANIGAN, by and through his attorney, Irene K. Dymkar, and complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of intentional infliction of emotional distress, malicious prosecution, and conversion.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. Sections §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants ROBERT TROTTER, SCOTT MULANE, Chicago Police Officers MUELLER, REYES, RAMIREZ, and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity. Plaintiff will seek leave to amend their complaint upon learning the identity of the unknown defendants, so as to properly allege their names.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On August 22, 2006, at approximately 3:30 PM, plaintiff, RASHAD B. SWANIGAN, left the Labe Bank at N. Elston Avenue and N. Pulaski Road in Chicago,

Illinois, after lawfully conducting his banking business, and proceeded to this vehicle in the bank parking lot.

9. Plaintiff was attempting to enter his vehicle, when defendants TROTTER and MUELLER approached him and, without reasonable suspicion, stopped him.

10. Defendants TROTTER and MUELLER asked plaintiff if he was trying to rob the bank. They told him he looked like a robber.

11. Defendants TROTTER and MUELLER placed plaintiff in handcuffs and searched him.

12. Defendants TROTTER and MUELLER asked plaintiff if they could search his vehicle and he said no. Despite his response, they searched his vehicle.

13. A third officer and a supervising officer arrived. All officers debated whether they "had enough to arrest" plaintiff and decided they did.

14. Plaintiff's vehicle was impounded and towed. Plaintiff was not given a reason for the impoundment and tow. There was no legal cause for the impoundment and tow.

15. During the next 50+ hours, plaintiff RASHAD B. SWANIGAN was subjected to a psychologically and physically abusive set of circumstances designed to coerce a false confession. The abuse included, but was not limited to, the following: plaintiff was moved from one police station to another, repeatedly interrogated, handcuffed to a wall, denied food and drink, kept in small windowless rooms, not allowed to sleep, and denied access to a bathroom, thus being forced on two occasions to urinate on himself. Plaintiff was disoriented and terrified during this process.

3

16. Plaintiff was ridiculed, threatened, and taunted by several police officers and detectives, all of whose names he does not know. Plaintiff did learn that one of the detectives was named SCOTT MULANE and that two had the last names of REYES and RAMIREZ. Plaintiff was not told why he was being held.

17. In addition to being interrogated repeatedly by several police officers and detectives, plaintiff was placed in several line-ups, some of which were suggestive.

18. Plaintiff repeatedly asked to consult with an attorney, but was denied access to one until he had been held almost two days. Plaintiff's father, a retired police officer, tried to find out what was going on, but he was denied access to his son.

19. Plaintiff was not told he was being charged with any crimes and after more than 50 hours, he was released from police custody, without having been brought before a judge.

20. As an afterthought, plaintiff received two traffic tickets alleging false charges. One ticket was for driving with a suspended license, even though he was outside his vehicle and not driving when he was arrested and his license was not suspended. The other ticket was for driving with no insurance, even though he was outside his vehicle and not driving when he was arrested and he had insurance for his vehicle.

21. In court on September 25, 2006, the traffic charges were dismissed.

22. Plaintiff received paperwork indicating that his vehicle had been towed for the false allegations of a violation of a section of the Municipal Code prohibiting the possession of an "unlawful firearm or laser sight accessory" in a motor vehicle. Plaintiff had had no firearm or laser sight accessory in his vehicle.

23. The City of Chicago nonsuited the ordinance violation on September 26, 2006.

24. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

25. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

26. By reason of the above-described acts and omissions of the individiual defendants, plaintiff were required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff RASHAD B. SWANIGAN Against Individual Defendants for False Arrest

27. Plaintiff, RASHAD B. SWANIGAN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

28. The stop, seizure, and arrest of plaintiff RASHAD B. SWANIGAN were without probable cause and unreasonable.

29. By reason of the conduct of the individual defendants, plaintiff, RASHAD B. SWANIGAN, was deprived of rights, privileges and immunities secured to him by the Fourth

and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff, RASHAD B. SWANIGAN, Against Individual Defendants for Failure to Bring Him Promptly Before a Judge

30. Plaintiff, RASHAD B. SWANIGAN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

31. Plaintiff was in police custody for over 50 hours without ever having been brought before a judge. This delay in and of itself constitutes a violation of plaintiff's right to be free from unreasonable seizures.

32. By reason of the conduct of the individual defendants, plaintiff, RASHAD B. SWANIGAN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff, RASHAD B. SWANIGAN, Against Individual Defendants for Unconstitutional Search and Seizure of His Vehicle and Its Contents

33. Plaintiff, RASHAD B. SWANIGAN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

34. The search and seizure by the individual defendants of plaintiff's vehicle and its contents were performed without a warrant, without legal cause, and without plaintiff's consent, thus invading and violating plaintiff's right to security and privacy.

35. By reason of the conduct of the individual defendants, plaintiff, RASHAD B. SWANIGAN, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT IV
### Plaintiff, RASHAD B. SWANIGAN, Against All Individual Defendants for Due Process Violations

36. Plaintiff, RASHAD B. SWANIGAN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

37. The individual defendants individually and in a conspiracy with one another subjected plaintiff to conditions of confinement that were unlawful and unreasonable, and which shock the conscience. Among other abuses, plaintiff was moved from one police station to another, repeatedly interrogated, handcuffed to a wall, denied food and drink, kept in small windowless rooms, not allowed to sleep, and denied access to a bathroom, thus being forced on two occasions to urinate on himself. Plaintiff was disoriented and terrified during this process.

38. Plaintiff was ridiculed, threatened, and taunted by several police officers and detectives, whose names he does not know. He was not told why he was being held.

39. In addition to being interrogated repeatedly by several police officers and detectives, plaintiff was placed in several line-ups, some of which were suggestive.

40. Defendants' purpose in confining plaintiff as they did and keeping him incommunicado for such a lengthy period of time was malicious and done as an attempt to extract false statements from him so that he would falsely implicate himself in crimes he did not

commit and also done to have him falsely identified as the perpetrator of a crime he did not commit.

41. By reason of the conduct of the individual defendants, plaintiff, RASHAD B. SWANIGAN, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Plaintiff, RASHAD B. SWANIGAN, Against All Defendants for a Denial of Access to an Attorney

42. Plaintiff, RASHAD B. SWANIGAN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

43. Plaintiff, RASHAD B. SWANIGAN, was subjected to a psychologically and physically abusive set of circumstances in his confinement as described herein. During his protracted confinement in police custody, plaintiff repeatedly asked to consult with an attorney, but was denied one until he had been held almost two days.

44. Had plaintiff had access to an attorney, the attorney would have been able to request a cessation of the interrogation and abusive treatment of plaintiff.

45. By reason of the conduct of the individual defendants, plaintiff, RASHAD B. SWANIGAN, was deprived of rights, privileges and immunities secured to him by the Sixth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT VI
**Plaintiff, RASHAD B. SWANIGAN, Against All Defendants for the State Supplemental Claim of Intentional Infliction of Emotional Distress**

46. Plaintiff, RASHAD B. SWANIGAN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

47. The conduct of the individual defendants as described herein was extreme and outrageous.

48. The individual defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so.

49 Defendants' conduct did, in fact, cause plaintiff severe emotional distress.

50. The individual defendants are therefore liable to plaintiff under Illinois law for the state supplemental claim of intentional infliction of emotional distress.

51. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

## COUNT VII
**Plaintiff, RASHAD B. SWANIGAN, Against All Defendants for the State Supplemental Claim of Malicious Prosecution Regarding Traffic Tickets**

52. Plaintiff, RASHAD B. SWANIGAN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

53. The individual defendants maliciously caused false serious traffic charges to be filed and prosecuted against plaintiff, RASHAD B. SWANIGAN. There was no probable cause for the institution of these charges against him. The criminal proceedings were commenced and continued maliciously.

54. The individual defendants facilitated this malicious prosecution by, along with other conduct, falsifying evidence, creating false police reports, and falsifying written charges.

55. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these charges.

56. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

57. The criminal proceedings were terminated in plaintiff's favor on or about September 25, 2006.

58. The individual defendants are therefore liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

59. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

## COUNT VIII
**Plaintiff, RASHAD B. SWANIGAN, Against All Defendants for the State Supplemental Claim of Malicious Prosecution Regarding Ordinance Violation and Administrative Proceeding**

60. Plaintiff, RASHAD B. SWANIGAN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

61. The individual defendants maliciously caused false allegations of a violation of a section of the Municipal Code prohibiting the possession of an "unlawful firearm or laser sight accessory" in a motor vehicle to be brought and serve as a basis for the impoundment and towing of plaintiff's vehicle.

10

62. Plaintiff had no firearm or laser sight accessory in his vehicle and there was no probable cause for the institution of this charge and this administrative proceeding against him. The adminsitrative proceedings were commenced and continued maliciously.

63. The individual defendants facilitated this malicious prosecution by, along with other conduct, falsifying evidence, creating false police reports, and falsifying written charges.

64.. The ordinance violation and vehicle impoundment proceedings were terminated in plaintiff's favor on September 26, 2006.

65. The individual defendants are therefore liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

66. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior.*

### COUNT IX
**Plaintiff, RASHAD B. SWANIGAN, Against All Defendants for the State Supplemental Claim of Conversion**

67. Plaintiff, RASHAD B. SWANIGAN, incorporates and realleges paragraphs 1 – 26, as though set forth herein in their entirety.

68. Defendants' assumption of control over plaintiff's vehicle and its contents was unauthorized and wrongful.

69. Plaintiff had the right to control and possess his vehicle and its contents.

70. By withholding plaintiff's vehicle and its contents, defendants deprived plaintiff of his personal property without his consent.

71. The individual defendants are therefore liable to plaintiff under Illinois law for the state supplemental claim of conversion.

72. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, RASHAD B. SWANIGAN, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

> A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,
>
> B. That defendants be required to pay plaintiff special damages,
>
> C. That defendants, except the City of Chicago, be required to pay the plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any othis applicable provision,
>
> D. That defendants, except the City of Chicago, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,
>
> E. That defendants be required to pay plaintiff costs of the suit herein incurred, and
>
> F. That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUEST A TRIAL BY JURY.**

Dated: August 21, 2007

*/s/ Irene K. Dymkar*

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123