# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 7 C 4749 | **DATE** | 2/14/2011 |
| **CASE TITLE** | Swanigan vs. Trotter et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court grants in part and denies in part Swanigan's Motion for Reconsideration. Status hearing set for 2/17/2011 @ 9:00 a.m. to set a firm trial date.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Rashad Swanigan ("Swanigan") moves for reconsideration of the Court's August 4, 2009 and August 7, 2009 Orders, which ruled upon the parties' Motions for Summary Judgment, in light of the Seventh Circuit's recent decision in *Carmichael v. Village of Palatine, Illinois*, 605 F.3d 451 (7th Cir. May 21, 2010). For the reasons stated, the Court grants in part and denies in part Swanigan's Motion for Reconsideration.

On August 4, 2009, the Court issued a Memorandum Opinion and Order ruling on Defendants' Motion for Summary Judgment and Swanigan's Partial Motion for Summary Judgment. (R. 194, hereinafter "Aug. 4 Order".) That Order held in relevant part that Defendant Officers Trotter, Muehlfelder, Kaupert, and Montalvo (hereinafter "the Officers") had probable cause to arrest Swanigan on August 22, 2006 for operating a motor vehicle that had a suspended registration and for failing to provide the Officers with proof of motor vehicle insurance. (*See* Aug. 4 Order at 18-20.) Then, on the basis of concerns raised by Swanigan's counsel at the August 5, 2009 Final Pretrial Conference, the Court issued an Order on August 7, 2009 amending its original Memorandum Opinion and Order. (R. 202, hereinafter "Aug. 7 Order".) That Order ruled that probable cause existed to arrest Swanigan for bank robbery and that his subsequent detention, up until the 48 hour mark, was reasonable as a result. (Aug. 7 Order at 3-4.) Swanigan then moved for reconsideration of the August 7 Order, which the Court denied on September 21, 2009. (R. 224.)

In May 2010, well after this Court's August 2009 Orders, the Seventh Circuit held in *Carmichael* that this Court had erred in finding as a matter of law that the defendant officer in that case had probable cause for a particular traffic-related arrest, because there were not undisputed facts in the record demonstrating that he had specific knowledge at the time of the arrest of the facts upon which this Court's finding of probable cause rested. *See* 605 F.3d at 458.

Here, Swanigan argues that the Officers did not have probable cause to arrest him for motor vehicle

| STATEMENT |
|---|

violations because they did not have personal knowledge, at the time of the arrest, that Swanigan was about to drive his vehicle on a public way or that his vehicle was uninsured. Swanigan also asserts that there was no probable cause to arrest him for robbery because the Officers did not have personal knowledge of the relevant facts at the time of the arrest, and because the Officers admitted in discovery that they did not have probable cause to arrest him for robbery.

In light of *Carmichael*, the Court reconsiders its holding in its Aug. 7th Order that the Officers had probable cause to arrest Swanigan for robbery based on the hard hats found in Swanigan's car. While the hard hats may have been in plain view, if the Officers did not rely on them in arresting Swanigan then they cannot be used as justification for finding probable cause for the arrest. The Court notes, however, that the Officers' subjective belief as to whether the hard hats provided them with probable cause is irrelevant to the Court's analysis. At issue is whether a reasonable person knowing the facts that the Officers knew at the time of arrest would have had probable cause to arrest Swanigan. *See Carmichael*, 605 F.3d at 457. Because it is a disputed issue of fact whether the Officers saw the hard hats before arresting Swanigan, the Court cannot determine whether the Officers had probable cause to arrest Swanigan for robbery.

The Court also reconsiders its holding in its Aug. 4 Order finding probable cause for the arrest based on Swanigan's alleged traffic violations. Given the factual disputes surrounding the arrest—particularly the timing of Swanigan starting his car—the Court is unable to determine whether the Officers had probable cause to arrest Swanigan for the traffic violations because it is not clear whether he was operating a vehicle at the time.

Similarly, the Court cannot determine whether the actions of the Officers are protected by qualified immunity. Given the factual disputes surrounding the arrest, the Court cannot find that the Officers acted reasonably based on the eventual finding of the knife and the hardhats in the car. *See, e.g., Williams v. Carroll*, 2010 WL 5463362 at *6 (Dec. 29, 2010) (Zagel, J.) (qualified immunity for a search cannot be justified by the evidence the search produced). Therefore, the Court denies the Officers' Motion for Summary Judgment on Count I and reaffirms its denial of Swanigan's Motion for Summary Judgment on Count I.

Because the Court reconsiders its probable cause findings, it must also address Swanigan's malicious prosecution claim against Trotter. To establish a malicious prosecution claim, a plaintiff must show: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) the presence of malice; (5) damages resulting to the plaintiff. *See, e.g., Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). Lack of probable cause does not itself show malice; a jury may only infer malice from lack of probable cause to arrest if there is no other credible evidence which refutes that inference. *See, e.g., Rodgers v. Peoples Gas, Light and Coke Co.*, 733 N.E.2d 835, 842 (Ill. App. Ct. 2000). Here, the Officers had probable cause to arrest Swanigan for carrying a concealed weapon. Moreover, the Officers relied on a LEADS report indicating that Swanigan's license plates were suspended for a mandatory insurance violation beginning on May 22, 2006. *See* Def. 56.1 Stmt., Ex. F, at 1. Trotter relied upon this LEADS report and on the knife found in the car to arrest and charge Swanigan. The Court therefore finds that Swanigan has failed to demonstrate that Trotter relied on an improper motive or that he acted with malice. *See, e.g., Aguirre v. City of Chi.*, 887 N.E.2d 656, 663 (Ill. App. Ct. 2008 ("plaintiff may demonstrate malice by showing that the [officer] proceeded with the prosecution for the purpose of injuring the plaintiff or for some other improper motive"). Trotter is entitled to summary judgment as a matter of law on Count VII. The Court's analysis in Count VIII is unchanged. Similarly, the Court's analysis of the conversion claim in Count IX remains intact because Trotter had probable cause to arrest Swanigan once he found the knife in his car, which served as a basis for towing the vehicle.

| STATEMENT |
|---|

    The remainder of the Court's Aug. 4 Order is unchanged.  In §1983 cases "[t]he lack of probable cause to stop and search does not vitiate the probable cause to arrest, because (among other things) the fruit of the poisonous tree doctrine is not available to assist a §1983 claimant." *See Townes v. City of New York*, 176 F.3d 138, 149 (2d Cir. 1999) (following a search unsupported by probable cause, plaintiff could not recover on a civil claim for the conduct of officers after they discovered illegal weapons in the vehicle).  "[P]robable cause to arrest can be based on evidence uncovered in the course of what otherwise might be an illegal stop or search." *See Williams*, 2010 WL 5463362 at *4.  Here, while the Court cannot determine whether the Officers had probable cause to arrest Swanigan for the alleged traffic violations, the undisputed facts demonstrate that the Officers were justified in arresting Swanigan for possession of an unauthorized weapon in violation of § 8-20-015 of the Municipal Code of Chicago.  *See U.S. v. Roche-Martinez*, 467 F.3d 591, 593 (7th Cir. 2006) (unlawful entry into home does not make defendant's subsequent detention unlawful if probable cause existed to arrest the defendant).  Therefore, the Officers had probable cause to arrest Swanigan once they found the knife in his car and the Court's analysis of Swanigan's counts arising from his unlawful detention claims remains the same as its Aug. 4 Order.

    For the reasons stated, the Court grants in part Swanigan's Motion to Reconsider regarding Count I and modifies its analysis of Count VII but leaves the remainder of its Aug. 4 Order intact.  The parties shall appear for a status on February 17, 2011 to set a firm and final trial date.