IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RASHAD B. SWANIGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 07 C 4749 |
| | ) | |
| ROBERT TROTTER, et al. | ) | Judge Virginia Kendall |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant City of Chicago ("City"), by its attorney Stephen R. Patton, Corporation Counsel of the City of Chicago, and Defendant Officers Robert Trotter, Thomas Muehlfelder, Michael F. Lynch, Kevin T. Mullane, Joseph J. Porebski, William N. Woitowich, Michael Frazier, Max J. Guajardo, William Kaupert, Luis Montalvo, Janice Dillon, and Kevin Anderson, by their attorneys, Liza M. Franklin, Ashley C. Kostztya and Megan K. McGrath, (collectively, "Defendants"), respectfully move this Court, pursuant to Fed. R. Civ. Pro. 50(a), for Judgment as a Matter of Law and in support state:

Plaintiff spent an entire business week putting on his case: calling approximately fifteen witnesses and producing numerous documents and photographs to the jury. However, none of the evidence presented supports a finding of liability on either of Plaintiff's claims against eight Defendants, and therefore the Court should grant Defendants' motion and enter judgment in their favor as a matter of law.

**STANDARD OF REVIEW**

According to Fed. R. Civ. Pro. 50(a)(1), when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally

1

sufficient evidentiary basis to find for the party…" it may grant a motion for judgment as a matter of law against that party. Fed. R. Civ. Pro. 50(a)(1) (West 2010). Judgment as a matter of law is appropriate when the evidence as a whole, combined with all reasonable inferences permissibly drawn from that evidence, is not sufficient to allow a reasonable jury to find in plaintiff's favor. *Khan v. Bland*, 630 F.3d 519, 523 (7th Cir. 2010), *citing Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir. 2008); *see also*, *Ford v. Childers*, 855 F.2d 1271, 1274 n.4 (7th Cir. 1988).

**ARGUMENT**

At the close of Plaintiff's case, he has failed to prove the necessary elements in support of his false arrest claim against Defendant Officers Trotter, Meuhlfelder, Montalvo and Kaupert. Specifically, and most simply, he has failed to show that Officer Montalvo or Sergeant Kaupert actually arrested him. Furthermore, the undisputed evidence establishes that Officers Trotter and Meuhlfelder had probable cause for their arrest. Because these Officers had probable cause, Plaintiff's extended detention claim fails as a matter of law against Defendants Detective Frazier, Captain Anderson, and Captain Dillon. Finally, the undisputed facts also establish that Defendant Lieutenant Porbeski should not have been found liable for Plaintiff's extended detention because there was probable cause to initiate and extend the hold Porebski approved.

**1. The Evidence Presented Fails to Establish False Arrest Against ANY Defendant.**

Plaintiff claims his August 22, 2006 arrest by Defendant Officers Trotter and Muehlfelder was improper because these officers lacked probable cause, and attempts to extend this claim to include two officers who arrived at the scene of his arrest: Sergeant Kaupert and Officer Montalvo. However, Plaintiff presents no evidence to establish that

these men were actually involved in his arrest. What's more, the evidence presented in his case plainly shows that arresting Officers Trotter and Muehlfelder (hereinafter, "Arresting Officers") had probable cause to do so.

### a. Sergeant Kaupert and Officer Montalvo did not arrest Plaintiff.

In his first set of proposed jury instructions, Plaintiff put forth an instruction that would provide a definition of arrest. In that instruction, Plaintiff posited that a question for the jury to consider would be whether he "was free to leave and whether Defendant acquired physical control over him." *See*, Plaintiff's Proposed Jury Instruction No. 36, at Docket ("Dkt.") No. 280-10, p. 13. Even by his own definition, Sergeant Kaupert and Officer Montalvo did not arrest Plaintiff.

The evidence is undisputed that Plaintiff was already in custody when Sergeant Kaupert and Officer Montalvo arrived at the scene of Plaintiff's arrest. While there is some minor dispute as to whether or not Plaintiff was in custody in the back of the Arresting Officers' car or standing in the lot, it is undisputed that he was in handcuffs and understood that he was under arrest. It is also undisputed that Sergeant Kaupert did not need to or even attempt to approve the charges for which Plaintiff was arrested that afternoon. Thus, Sergeant Kaupert cannot be considered as a Defendant on this or Plaintiff's other claim.

Finally, there is no evidence that Officer Montalvo was in any way involved in this arrest, other than Plaintiff's allegation that he arrived on the scene and commented approvingly on it. The arrest was over by the time he arrived, and Officer Montalvo did not participate in it. Thus judgment must be entered for Officer Montalvo as a matter of law.

### b. Officer Trotter and Officer Muehlfelder had probable cause for their arrest of Plaintiff.

The evidence presented shows the Arresting Officers had probable cause for the traffic violations issued that day, and had a reasonable suspicion and probable cause to believe Plaintiff was the hard hat bandit and, by extension, the perpetrator of the Popeye's Chicken robbery.

The existence of probable cause for an arrest is an absolute bar to a §1983 claim for false arrest. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991); *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989). A police officer has probable cause to arrest an individual when "the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994).

Here, the Arresting Officers testified that prior to approaching Plaintiff after observing him loitering both in front of the Labe Bank and in its parking lot, they "ran" his plates to find out his name and if he had any outstanding warrants. Their in-car computer revealed that Plaintiff's license plates were suspended, thus the Officers approached to give Plaintiff a ticket for operating a vehicle with suspended plates. Both Officers testified that when they approached Plaintiff he had already started his car, though it was not yet in motion. Plaintiff himself testified that he was in the process of starting his car, albeit in a somewhat non-traditional manner, when the officers arrived at his car.

Furthermore, Plaintiff testified that he had driven into the lot using public roads prior to entering the bank and intended to take the same route to exit. Plaintiff has adduced no evidence to even suggest that Plaintiff's car could have reached the lot except for driving on a public highway, nor that he could do anything but drive on a public highway once he exited the parking lot. Thus, it is entirely reasonable for the Arresting Officers to believe he had been and was going to again operate a vehicle with suspended plates on a public road in violation of Illinois law. Moreover, Plaintiff admitted that he did not show the officers proof of insurance, nor did he tell the Officers he had proof of insurance. He told them nothing and showed them nothing. Thus, they also had probable cause to believe he was driving in violation of the law. Either of these issues, standing alone, mean that the Arresting Officers are entitled to judgment as a matter of law in their favor.

Yet this is not the only issue relating to Plaintiff's arrest. Even though Plaintiff was not charged by the Arresting Officers for any robbery-related offense, this does not eliminate the existence of probable cause that Plaintiff might be the hard hat bandit. It is well established that "an officer's 'subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.'" *Williams v. Rodriguez*, 509 F.3d 392, 399 (7th Cir. 2007), *quoting Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Instead, the issue is whether an arresting officer has enough information to have probable cause to arrest an individual for any violation. *Williams*, 509 F.3d at 399.

The Supreme Court and the Seventh Circuit have advised that the rule of probable cause is a "practical, nontechnical conception' that affords the best compromise between

the interests of individual liberty and effective law enforcement." *United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001). In making a probable cause determination, "the court steps into the shoes of a reasonable person in the position of the officer" and considers the facts not as "an omniscient observer" but "as they would appear to a reasonable person in the position of the arresting officer." *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). In short, totality of the circumstances presented to the arresting officer must be "viewed in common sense manner," and probable cause exists if these circumstances "reveal a probability or substantial chance of criminal activity on the suspect's part…" *Mounts*, 284 F.3d at 715. Relevant circumstances and factors to consider in determining whether an officer had reasonable probable cause include the suspect's physical description, actions taken by that suspect in response to the officers' presence, and distinctive pieces of clothing or accessories. See, *United States v. Carpenter*, 342 F.3d 812, 815 (7th Cir. 2003); *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 524-25 (7th Cir. 2001); *United States v. Scheets,* 188 F.3d 829, 838 (7th Cir. 1999); *United States v. Tilmon*, 19 F.3d 1221, 1228-29 (7th Cir. 1994).

    The evidence presented shows the Arresting Officers had an objectively reasonable basis to suspect Plaintiff was the hard hat bandit. The Arresting Officers testified quite plainly that when they approached Plaintiff they had already noted he matched the physical description of hard hat bandit and observed him acting furtively both in front of the bank and in the bank's parking lot. Plaintiff himself testified that he quickly turned away from the Arresting Officers after making eye contact with them in front of the bank, and confirmed that he did not immediately enter his car when reaching it in the bank's lot, but rather walked around it. Courts have recognized that such evasive

movements support probable cause that a crime has been or will be committed. *See, Carpenter*, 842 F.3d at 815 (*collecting cases*).

Further, and most importantly, the Arresting Officers both spotted one of Plaintiff's hard hats – specifically a yellow one – in plain view before they even approached him, a fact which only emphasizes the lawfulness of Plaintiff's arrest for "robbery." Plaintiff himself testified that his hard hats were visible in his car. In addition, there was a knife on the passenger seat of the car. The evidence presented in this case makes clear that a reasonable person knowing the facts the officers knew would have had probable cause to arrest Plaintiff. Since the record is clear that the Arresting Officers had all this information before placing him in custody, the Court should enter judgment as a matter of law for the Arresting Officers.

**2.  Because the Arresting Officers had Probable Cause to Arrest Plaintiff, His Extended Claim Fails as a Matter of Law as to Defendants Detective Frazier, Captain Dillon and Captain Anderson.**

The evidence presented shows that Plaintiff was in custody for fifty-one hours, technically a constitutional violation. For those Defendants who are on trial as to their role in this violation, specifically Defendants Detective Frazier, Captain Dillon and Captain Anderson, the evidence is plain that judgment should be entered in their favor.

**a.  Detective Frazier did not detain Plaintiff at all, much less for an unreasonable amount of time.**

As the Supreme Court explained in *Gerstein v. Pugh*, "The Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following an arrest." 420 U.S. 103, 114 (1975). In *County of Riverside v. McLaughlin*, the Supreme Court provided additional guidance as to when a "*Gerstein*

hearing" should occur. In *McLaughlin*, the Court held that where "a jurisdiction provides judicial determination of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." 500 U.S. 44, 56 (1991). If probable cause existed at the time of arrest, officers may use the time before a judicial determination of probable cause to gather additional evidence to bolster the case against the case against the arrestee. *United States v. Daniels*, 64 F.3d 311, 314 (7th Cir. 1995).

Here, the evidence is clear that Detective Frazier's involvement with Plaintiff lasted less than forty-eight hours. Detective Frazier did not place Plaintiff in custody, did not extend his time in custody, and had no role at all in Plaintiff's detention on August 24, 2006. What's more, because there was probable cause to arrest Plaintiff for the hard hat bandit robberies, Detective Frazier did not use Plaintiff's detention as an opportunity to gather evidence to justify that arrest. Rather, the lineups Frazier conducted were done solely to bolster the bank robbery case against Plaintiff. Thus, because probable cause existed to arrest Plaintiff for the hard hat bandit robberies, Frazier was entitled to detain Plaintiff for these lineups and judgment should be entered in his favor.

    **b.**     **Because there was probable cause to detain Plaintiff for the hard hat robberies, the Watch Commanders who were on duty during the first forty-eight hours of Plaintiff's detention are not liable.**

Now that Plaintiff has presented all of his evidence, it has been made clear that that "hard hat bandit" is not just suspected of being a bank robber. While that was the information the Arresting Officers were aware of when they arrested Plaintiff on August 22, 2006, unbeknownst to them the Detective Division of the Chicago Police Department ("CPD") suspected that this exact same individual also robbed a fast food restaurant nearly immediately after attempting to rob a bank. Thus, when Plaintiff was taken in to

custody that day there was probable cause to suspect he was an armed robber of two locations: a bank and a Popeye's Chicken restaurant. Because there was probable cause to conduct the lineups that occurred while Plaintiff was in custody while Defendants Captain Anderson and Captain Dillon were on duty, these Defendants are entitled to judgment as a matter of law.

3. **The Court Should Reconsider its Finding of Liability Against Defendant Lieutenant Porbeski and Instead Enter Judgment in His Favor as a Matter of Law.**

When this Honorable Court granted Plaintiff's motion for summary judgment on his claim for unreasonable detention, it found the two detectives who requested a hold be placed on Plaintiff so they might investigate him as the hard hat bandit and the two supervisory officers who approved this hold were presumptively liable for his detention exceeding forty-eight hours. Now that Plaintiff has presented his case, the evidence makes clear that when these officers submitted their request and it was approved by Lieutenant Porbeski there was probable cause for Plaintiff's arrest. Therefore the undisputed facts establish that Lieutenant Porbeski should not have been found liable for Plaintiff's extended detention because there was probable cause to initiate and extend the hold.

As noted above, when Lieutenant Porbeski approved the hold request submitted by the CPD's Detective Division, there was at the very least a reasonable suspicion to believe that Plaintiff was the hard hat bandit: both a robber of banks and of a fast food restaurant in recent weeks. Therefore, he should not be liable for merely initiating a hold when probable cause existed for its entry. Furthermore, the facts presented establish that Porebski was justified in maintaining the hold and not releasing Plaintiff when he was on

duty on August 23, 2006. At that time, the Defendant Detectives were in the midst of their investigation, and because they had probable cause to carry it out to its full extent, Porebski was also justified in allowing the hold to remain in place. Thus, Lieutenant Porebski is entitled to judgment as a matter of law.

WHEREFORE, for the above stated reasons, Defendants Officers Trotter, Meuhlfelder, Montalvo and Kaupert ask this Honorable Court to enter an order granting them judgment as a matter of law on Plaintiff's false arrest claim and Defendants Detective Frazier, Captain Dillon and Captain Anderson make the same request as to Plaintiff's extended detention claim. Additionally, Defendants ask the Court to reconsider its finding that Defendant Lieutenant Porbeski is liable for Plaintiff's extended detention, and instead enter judgment in his favor on this claim.

Respectfully submitted,

/s/ Liza M. Franklin
Deputy Corporation Counsel
/s/ Ashley C. Kosztya
Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-0170/4-2826
Atty. No. 06216088/06274884

STEPHEN R. PATTON
Corporation Counsel for
the City of Chicago

BY:   /s/ Megan K. McGrath
Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-9212
Atty. No. 06288408