## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JONATHAN HADNOTT, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | 07 C 6754 |
| | ) | |
| **v.** | ) | |
| | ) | **Judge David H. Coar** |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | **Magistrate Judge Schenkier** |
| **Defendants.** | ) | |

### DEFENDANTS' MOTION FOR JUDGMENT ON SANCTIONS

Defendants City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, and Defendants Patrick Gilmore, Marc Jarocki and Michael Kelly, through their counsel, Assistant Corporation Counsel Ashley C. Kosztya and Gail L. Reich, respectfully request that this Honorable Court set the specific amount of fees and costs to be awarded to the Defendants pursuant to the judgment on sanctions imposed against Plaintiffs' counsel on October 23, 2008 by Chief Magistrate Judge Schenkier, and affirmed by this Honorable Court on February 24, 2009. In support of this motion, Defendants state as follows:

### BACKGROUND

On October 23, 2008, as a sanction, Chief Magistrate Judge Schenkier *sua sponte* awarded the Defendants reasonable attorneys' fees and costs in connection with [litigating] (1) their August 20, 2008 motion to place certain information under seal and for a protective order, (2) their August 28, 2008 in-court appearance on that motion; (3) their reply brief on that motion, and (4) their in-court appearance at the October 23, 2009 hearing. (R.95, 10/23/08 Minute Entry.)

Plaintiffs timely filed their objections to the Court's October 23, 2009 Order, and the parties further briefed the issues before Judge Coar. R. 99, Plaintiffs' Motion to Vacate

Magistrate Judge Order of 10/23/08; R.104, Minute Entry; R. 111, Defendants' Response). On February 24, 2009, Judge Coar issued a Memorandum Opinion and Order denying Plaintiffs' Motion to Vacate Judge Schenkier's October 23, 2008 Order. ( R. 144, Minute Entry; R.145, Memorandum Opinion and Order). In that Opinion, the court on its own motion modified Magistrate Judge Schenkier's October 23, 2008 order "to reflect that the sanction of reasonable costs and fees is against Attorney Dymkar personally." (R.145, 02/24/09 Memorandum Opinion and Order.)

Based on the Court's orders, undersigned counsel for Defendants compiled a spreadsheet calculating their reasonable attorneys' fees and costs expended in litigating the August 20, 2008 motion to place certain information under seal and for a protective order, as well as for litigating Plaintiffs' motion to vacate Magistrate Judge Schenkier's October 23, 2008 order regarding communications Plaintiffs' counsel Irene Dymkar may have had with her clients.

Defendants have attempted to come to an agreement with Plaintiffs' counsel as to a reasonable amount of fees and costs in connection with the aforementioned motion practice. To that end, Defendants' counsel provided Plaintiffs' counsel with a detailed spreadsheet, which compiled the nature of the work performed, the hours expended, and costs incurred as a result of the litigation. However, the parties' efforts to reach a compromise have failed. Plaintiffs' counsel has taken the position that Defendants' counsel are entitled to approximately three hours worth of work (which she estimates to be worth $200) in connection with litigating (1) Defendants' August 20, 2008 motion to place certain information under seal and for a protective order, (2) their August 28, 2008 in-court appearance on that motion; (3) their reply brief on that motion, and (4) their in-court appearance at the October 23, 2009 hearing. Defendants disagree. *See* Exhibit A, Defendants' Bill of Costs, Exhibit B, Correspondence from Defense Counsel

outlining costs and fees incurred dated September 10, 2009, Exhibit C, Correspondence from

Plaintiffs' counsel dated October 6, 2009, and Exhibit D, Correspondence from defense counsel

detailing how a market rate should apply for reasonable attorneys' fees. (Further, a final

conversation on the matter was had in person between undersigned counsel and Attorney Dymkar

on November 13, 2009 directly after the deposition of a witness in this case).

## ARGUMENT

**I.  It makes no difference that Defendants are represented by salaried government lawyers – the fee award should be calculated in accordance with the prevailing market rate.**

In Exhibit C, Plaintiffs' counsel argues that the attorneys' fees Defendants are seeking

should be based upon the salaries of Defendants' lawyers, and that the prevailing market rate

does not apply.  However, as this court has previously noted, the Seventh Circuit clearly states

that prevailing market rates are the standard:

> *Blum v. Stenson,* 465 U.S. 886, 892-96, 104 S.Ct. 1541, 1545-47,
> 79 L.Ed.2d 891 (1984) teaches prevailing market rates and not the
> actual costs of legal services are the standard for allowance of
> reasonable fees, even where a party (in that case the plaintiff) is
> represented by nonprofit counsel. And in *Hamilton v. Daley,* 777
> F.2d 1207, 1213 (7th Cir.1985) (citations omitted, but relying
> specifically on *Blum* ) our Court of Appeals has made plain that is
> a two-way street:
>
> > The fact that defendants' attorneys are public servants who
> > will not personally receive any fees awarded makes no
> > difference; we have long upheld fee awards to salaried
> > attorneys.... Fees are based on reasonable billing rates in
> > the relevant community, not net hourly earnings.
>
> In support of the market-rate notion, it also bears mention that the
> real "costs" of legal services to public-official or governmental-
> body defendants-even were that the standard, as it is not-are not so
> easy to ascertain. Surely the salaries paid to the lawyers, their
> secretaries and other supporting staff are not the whole story.
> Determination and calculation of the properly allocable items of
> overhead and fixed costs, not only for the law offices as such but

for a fairly allocable portion of the general costs of government, would be an enormously complex matter. Because there is no readily ascertainable surrogate for the market, a market value comparison (as directed by *Blum* and *Hamilton* ) represents a fair basis for the award.

*Coleman v. McLare*, 635 F.Supp. 266, 267 -268 (N.D.Ill. 1986)

After consulting the Laffey Matrix (attached as part of Exhibit B) and recent attorney awards in cases coming out of this District (see *Robinson v. City of Harvey,* 2008 WL 4534158 (N.D.Ill. October 7, 2008) incorporated in Exhibit B in its original incarnation as Memorandum Opinion and Order for 99 C 3696, R. 345) wherein the court, in deciding hourly rates for attorneys who represented the plaintiff relied on the Laffey Matrix as well as representations of hourly rates reasonable in the relevant Chicago-area market), Defendants have calculated their reasonable attorney's fees and costs to be $24,284.74, in connection with the litigation in question. *See* Exhibit B (correspondence from Defense Counsel outlining costs and fees incurred dated September 10, 2009 (minus attorneys' fees initially requested for supervising staff), Exhibit E (affidavits of defense counsel regarding counsels' background and records for work on the issues in question).

**II. All the hours Defendants' counsel expended on litigating the issues in question were reasonable, appropriate and justifiable.**

Defendants also note that while Attorney Dymkar's opinion that the fees and costs requested by Defendants is "over the top" (*see* Exhibit C), the time devoted to each task, as documented in Exhibit B, is within the bounds of reasonableness. Further, the Seventh Circuit has recognized that "[l]awyers do not come from cookie cutters. Some are fast studies and others require extra preparation." *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir.1993). The issues litigated by Defense counsel which resulted in the sanctions against Attorney Dymkar are complex. Defense counsel was forced to spend a good deal of time drafting motions and responses, as well as

conducting research on an area of law that is not commonplace in Section 1983 litigation. *See* Exhibit B. As such, undersigned counsel Gail L. Reich seeks a fee award on behalf of her clients for approximately 45 hours comprised of legal research, legal drafting, meeting with colleagues, and travel and court appearances. Undersigned counsel Ashley C. Kosztya seeks a fee award on behalf of her client for approximately 24 hours of similar legal work relating to the issues necessitating the motion for the protective order and defending Judge Schenkier's ruling in Plaintiffs' counsel's motion to reconsider the granting of the protective order.

Stated another way, the hours expended at the stage of this case by the Defendants' primary counsel is reasonable in light of the issues raised, the complexity of said issues, counsel's experience levels, the level of resistance from Attorney Dymkar, and the risk that inadequate preparation at this stage could have led to Plaintiffs' counsel not being ordered to reveal whether she had informed her clients as to Michael Kelly's physical description – a matter Plaintiffs' counsel could have easily revealed without compromising her attorney-client relationship, given she ultimately revealed that she had <u>not</u> had such communication with her clients. See *Delgado v. Mak*, 2009 WL 211862 at *6 (N.D.Ill. Jan. 29, 2009) (Dow, J.), citing *Mohr v. Chicago School Reform Board of Trustees*, 194 F.Supp.2d 786, 789 (N.D.Ill. 2002) ("If the winning counsel had taken less time, he might not be in a position to ask for attorneys' fees as the prevailing party's representative").

**III. Plaintiffs' counsel's contention that she should not have to pay for fees for the senior lawyers with whom Defendants' principal trial lawyers consulted should be disregarded, as the use of more than one lawyer is common practice.**

Plaintiffs' counsel states in written correspondence (*see* Exhibit C) that she will not be paying for the work of five attorneys plus a law clerk for work pertaining to the motion for protective order that was granted. Defendants state that the number of hours initially sought by the attorneys who

5

assisted Defendants' principal trial lawyers (two supervisors, an Assistant Corporation Counsel and a law clerk) are reasonable and, in the spirit of compromise, Defendants withdraw their request for the fees incurred by supervising attorneys (reducing the total amount of fees and costs requested to $24,284.74).

Regarding fees incurred by the principal attorneys as a result of having to consult with their more senior colleagues at this, a critical juncture in the litigation, on matters of strategy and for review of draft memoranda, the courts have found that "[C]onsultation of that kind is highly appropriate, efficient, and is exactly what lawyers in firms of all sizes do to best serve their clients. See, e.g. *Bohen v. City of East Chicago*, 666 F.Supp. 154, 157 (N.D.Ind. 1987) ('The use of more than one lawyer is common in legal practice. Consultation among lawyers insures that they do not overlook significant facts or injuries.') (Easterbrook, C.J., sitting by designation)." *Delgado v. Mak*, 2009 WL 211862 at *3.

Defendants also note that the ruling granting the protective order by Judge Schenkier was brought by Plaintiffs' counsel before Judge Coar for reconsideration. This necessitated a second round of briefing by the parties, culminating in Judge Coar affirming the granting of the protective order and clarifying for the parties that the sanctions were to be assessed personally against Plaintiffs' counsel. Plaintiffs' counsel claims she not be responsible for attorneys' fees relating to the filing of her motion for reconsideration of Judge Schenkier's granting of the protective order. Defendants disagree, and affirm that a portion of the attorneys' fees listed in Exhibit B relating to the litigation of the protective order were necessarily incurred in defending against the motion to reconsider the ruling on the protective order.

## CONCLUSION

The work undertaken in challenging Plaintiffs' counsel's position that she did not have to reveal whether she had given Defendant Michael Kelly's physical description to her clients paid off. In these circumstances, the quantity and quality of the work produced by Defense counsel is appropriate and reasonable; therefore the request for $24,284.74 in attorneys' fees and cost should be granted.

**WHEREFORE**, Defendants respectfully request that the sanction of reasonable costs and fees in the amount of $24,284.74 be entered against Attorney Irene Dymkar.

Respectfully submitted,

MARA S. GEORGES                              MARA S. GEORGES
CORPORATION COUNSEL                          CORPORATION COUNSEL

BY:   /s/ Ashley C. Kosztya            BY:   /s/ Gail L. Reich
      ASHLEY C. KOSZTYA                       GAIL L. REICH
      Assistant Corporation Counsel           Assistant Corporation Counsel
      Attorney for Defendants                 Attorney for Defendants

30 N. LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-2826/4175

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN HADNOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 07 C 6754 |
| | ) | |
| v. | ) | |
| | ) | Judge David H. Coar |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## DECLARATION OF GAIL L. REICH

Pursuant to 28 U.S.C. § 1746, I, Gail L. Reich, declare as follows:

1.     I graduated from The John Marshall Law School in June 2002.

2.     Beginning in May 2001, I worked for two years as a law clerk and three years as an Assistant Corporation Counsel with the City of Chicago in the Building and Land Use Litigation Division. During that 5-year period, I prosecuted thousands of cases at the City of Chicago Department of Administrative Hearings and in the Circuit Court of Cook County.

3.     I joined the Individual Defense Litigation Division in the City of Chicago Law Department in August 2006. Since that time, my sole practice has consisted of defending Chicago Police Officers and the City of Chicago in over 50 §1983 cases.

4.     In 2008, I was trial counsel in Redmond v. City of Chicago, et., al. 06 CV 3611, a jury trial before Judge Der-Yeghiayan.

5.     While I work for a government agency, and do not have a set billing rate, based on my research of relevant case law, the Laffey Matrix, and comparison with colleagues of similar experience and skill in the community in which I practice, I believe that a fair hourly rate is $270/hr.

6.     The attached billing records fairly state the time I spent working on the litigation required after the deposition of Michael Kelly on August 19, 2008 and Attorney Dymkar's refusal to engage in a telephone conference with Judge Soat Brown and are a reasonable in terms of time spent per task.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1/19/10

Gail L. Reich

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JONATHAN HADNOTT, et al.,     )
          )
          Plaintiffs,     )     07 C 6754
          )
        v.     )
          )     Judge David H. Coar
CITY OF CHICAGO, et al.,     )
          )     Magistrate Judge Schenkier
          Defendants.     )

## DECLARATION OF ASHLEY C. KOSZTYA

Pursuant to 28 U.S.C. § 1746, I, Ashley C. Kosztya, declare as follows:

1.     I graduated from The John Marshall Law School in June 2001. For one year prior to graduation, I was employed as a full-time 711 prosecutor for the City of Chicago in its traffic division.

2.     Beginning in September 2001, I worked for five years as an Assistant State's Attorney in Cook County in both its criminal and civil divisions. In the criminal division, I prosecuted hundreds of cases in the Circuit Court of Cook County. I then spent over four years in the Civil Division litigating federal civil rights cases as well as various state tort claims, and prevailed at trial in several cases – including civil rights lawsuits.

3.     I left the Cook County State's Attorney's Office to enter private practice for approximately two years, concentrating in insurance defense.

4.     In May of 2007 I accepted a position with the City of Chicago's Department of Law (directly prior to the birth of my eldest child). Since joining the City, I have once again concentrated my practice to civil rights defense. Most recently I was trial counsel in the 2009 jury trial of *Mason v. City of Chicago, et al.*, 07 C 4763 in the Northern District.

5.     While I work for a government agency, and do not have a set billing rate, based on my research of relevant case law, the Laffey Matrix, and comparison with colleagues of similar experience and skill in the community in which I practice, I believe that a fair hourly rate is $300.00/hr.

6.     The attached billing records fairly state the time I spent working on the litigation required after the deposition of Michael Kelly on August 19, 2008 and Attorney

Dymkar's refusal to engage in a telephone conference with Judge Soat Brown and are a reasonable in terms of time spent per task.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1-19-10___            ___a.c.Kosztya___
                                        Ashley C. Kosztya

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN HADNOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 07 C 6754 |
| | ) | |
| v. | ) | |
| | ) | Judge David H. Coar |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## DECLARATION OF CHERIE K. GETCHELL

Pursuant to 28 U.S.C. § 1746, I, Cherie K. Getchell, declare as follows:

1.  I graduated from The John Marshall Law School in June 2009.

2.  Beginning in September 2007 and continuing through the present, I have served as a law clerk with the City of Chicago Law Department in the Federal Civil Rights Litigation Division. From September 2007 - January 1, 2009, my sole responsibility as a law clerk consisted of defending Chicago Police Officers and the City of Chicago in § 1983 cases.

3.  In January 2009 and continuing through the present, I joined the City of Chicago - Municipal Prosecutions, Traffic Division, where, in addition to clerking for the Federal Civil Rights Litigation Division, I also act as a City Prosecutor.

4.  While I work for a government agency, and do not have a set billing rate, based on my research of relevant case law, the Laffey Matrix, and comparison with colleagues of similar experience and skill in the community in which I practice, I believe that a fair hourly rate is $125/hr.

5.  The attached billing records fairly state the time I spent working on the litigation required after the deposition of Michael Kelly on August 19, 2008 and Attorney Dymkar's refusal to engage in a telephone conference with Judge Soat Brown and are reasonable in terms of time spent per task.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2010

Cherie K. Getchell

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN HADNOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 07 C 6754 |
| | ) | |
| v. | ) | |
| | ) | Judge David H. Coar |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## DECLARATION OF MEGAN K. McGRATH

Pursuant to 28 U.S.C. § 1746, I, Megan K. McGrath, declare as follows:

1. I graduated from The Loyola University Chicago School of Law in June 2006.

2. Beginning in June 2004, I worked for two years as a law clerk in with the City of Chicago in the Municipal Prosecutions and Revenue Litigation Divisions. During those two years I assisted with hundreds of prosecutions in the City's Department of Administrative Hearings, prosecuted hundreds of cases in the Traffic Section of the Circuit Court of Cook County, and wrote a successful motion for summary judgment in the Law Division of the Circuit Court of Cook County.

3. I joined the Police Policy Litigation Division in the City of Chicago Law Department in July 2006 as an Assistant Corporation Counsel. In 2009, this group which merged with the Individual Defense Litigation Section to become the Federal Civil Rights Litigation Division. Since that time, my sole practice has consisted of defending both the City of Chicago and Chicago Police Officers in close to 100 § 1983 cases.

4. In 2008, I was trial counsel in *Amarin v. City of Chicago, et., al.* 07cv1354, a jury trial before Judge Kendall; *Duran v. City of Chicago, et., al.* 06cv6469, a jury trial before Chief Judge Holderman; and *Williams v. City of Chicago, et al.*, 07cv2977, a jury trial before Judge Castillo.

5. While I work for a government agency, and do not have a set billing rate, based on my research of relevant case law, the Laffey Matrix, and comparison with colleagues of similar experience and skill in the community in which I practice, I believe that a fair hourly rate is $225/hr.

6. The attached billing records fairly state the time I spent working on the litigation,

as required to help my colleagues in this matter prepare a motion for an extension of time to complete Plaintiff's depositions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _Jun. 26, 2010_

Megan K. McGrath



**City of Chicago**
Richard M. Daley, Mayor

**Department of Law**

Mara S. Georges
Corporation Counsel

Individual Defense Litigation
Suite 1400
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 742-6433
(312) 744-6566 (FAX)
(312) 744-9104 (TTY)
http://www.cityofchicago.org

**Via Hand-delivery**

September 10, 2009

Irene K. Dymkar, Esq.
300 West Adams Street, Ste. 330
Chicago, Illinois 60606

Re: *Hadnott v. City of Chicago, et al.,* 07 C 6754

Dear Counsel:

Pursuant to Judge Schenkier's order of October 23, 2008 and Judge Coar's Memorandum Opinion and Order of February 24, 2009, enclosed please find Defendants' City of Chicago and Michael Kelly's attorneys' fees and bill of costs with respect to litigating the issues in this case that arose from your refusal on August 19, 2008 to participate in a telephone call to Magistrate Judge Brown following the deposition of Michael Kelly.

Regarding counsel for the City of Chicago, while there are no decisions on record in the Northern District providing examples of fees for municipal attorneys, after consulting the Laffey Matrix*, and recent Seventh Circuit opinions, we have determined that a reasonable rate for ACC Ashley Kosztya is $300.00 per hour. Ms. Kosztya has been a trial attorney for approximately eight years. During this time she has tried numerous cases to verdict in both the civil and criminal state courts in Illinois, as well as in the U.S. District Court for the Northern District of Illinois. She has concentrated her practice of law in civil rights defense and general torts defense for over six years. In addition, she has successfully represented clients on numerous appeals.

We have further determined that a reasonable rate for ACC Gail Reich is $270.00 per hour, based upon the same considerations. Ms. Reich has been practicing since 2003, and is also well-versed in the area of Section 1983 litigation. She has litigated hundreds of cases in Illinois state court and represented numerous clients in cases involving excessive force, false arrest, etc., in the U.S. District Court for the Northern District of Illinois, having taken one case to trial.

Assistant Corporation Counsel Megan McGrath's rate has been calculated at $225.00 per hour, based on nearly three years of experience in police defense with the City of Chicago's Law Department. Ms. McGrath has litigated over one hundred cases, and taken three to trial.

Utilizing the Laffey Matrix and Seventh Circuit opinions as guides, Senior Assistant Corporation Counsel Alec McAusland's rate is calculated at







City of Chicago
Richard M. Daley, Mayor

Department of Law

Mara S. Georges
Corporation Counsel

Individual Defense Litigation
Suite 1400
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 742-6433
(312) 744-6566 (FAX)
(312) 744-9104 (TTY)

http://www.cityofchicago.org

$410.00 per hour, based on more than19 years of civil rights litigation experience as an attorney, having taken approximately 20 cases to verdict.

We have also referred to the Laffey Matrix in calculating a reasonable rate of $410.00 per hour for Deputy Assistant Corporation Counsel Naomi Avendano, who heads the Federal Civil Rights Litigation Division within the City's Law Department. Ms. Avendano has practiced law for over 19 years, the last 15 of which have been in the area of civil rights. During this time, she has taken five class action lawsuits and approximately 15 other cases to trial. She has also argued before the 7th Circuit.

Additionally, we have used a standard rate, also in accordance with the Laffey Matrix, when determining the rate of $125.00 per hour for Law Clerk Cherie Getchell. All individuals' time calculations are detailed in the attached spreadsheets. You will also find included three additional charts, which detail the cost of transcripts, printing and copying, and legal research. The total charges for fees for the work of these five attorneys and our law clerk is the sum of **$21,590.25**. In addition, the costs for litigating the aforementioned issues amount to **$3,801.74**, for a total of **$25,391.99**.

Please write one check in the amount of **$25,391.99** payable to the City of Chicago at your earliest convenience. In the event you dispute the amount we have cited above, we ask that you contact us within the next 14 business days to discuss any issues you may have so that we can attempt to reach a compromise.

Regards,

Ashley C. Kosztya
Assistant Corporation Counsel
Representing the City of Chicago
(312) 744-2826

ACC Gail Reich
Assistant Corporation Counsel
Representing Michael Kelly
(312) 744-1975

encl.

* The Laffey Matrix has been relied upon by the Northern District in calculating attorney's fees in several cases; one of the more recent examples is *Robinson v. City of Harvey, et al.*, No. 99 C 3696 (enclosed), where the Court decided on hourly rates for the five attorneys who represented the plaintiff. The *Robinson* court relied on the Laffey Matrix as well as representations of hourly rates that were reasonable in the relevant Chicago area market.





## ASHLEY KOSZTYA

| Date | Time | Work performed | Cost $300/hr | |
|------|------|----------------|--------------|--|
| 8/19/2008 | 0.30 | telephone conference from Kankakee with supervisor re: motion to seal and for protective order | $ | 90.00 |
| 8/20/2009 | 0.10 | order expedited partial transcript from Michael Kelly's Deposition | $ | 30.00 |
| 8/20/2009 | 2.00 | legal research | $ | 600.00 |
| 8/20/2008 | 0.50 | meeting with supervisor re: motion to seal and for protective order | $ | 150.00 |
| 8/20/2008 | 2.00 | draft motion to seal and for protective order, compile exhibits, filing | $ | 600.00 |
| 8/26/2008 | 0.25 | review Plaintiffs' response | $ | 75.00 |
| 8/27/2008 | 1.00 | travel and court appearance, motion hearing | $ | 300.00 |
| 9/5/2008 | 0.30 | meet with law clerk re: research project | $ | 90.00 |
| 9/9/2008 | 1.00 | review of law clerk's research memo | $ | 300.00 |
| 9/15/2008 | 0.25 | review Plaintiffs' motion for extension of time | $ | 75.00 |
| 9/18/2008 | 1.00 | review of Plaintiffs' response | $ | 300.00 |
| 9/19/2008 | 0.50 | meeting with co-counsel re: Plaintiffs' response | $ | 150.00 |
| 9/25/2008 | 0.25 | meeting with co-counsel re: Plaintiffs' reply | $ | 75.00 |
| 9/25/2008 | 2.00 | draft Defendants reply to plaintiff's response | $ | 600.00 |
| 9/30/2008 | 0.50 | meeting with co-counsel re: Defendants reply | $ | 150.00 |
| 10/12/2008 | 2.30 | legal research | $ | 690.00 |
| 10/20/08 | 0.50 | review of Plaintiffs' motion for leave to file sur-reply and sur-reply | $ | 150.00 |
| 10/23/08 | 1.50 | Appearance for P's sur-reply; travel | $ | 450.00 |
| 11/3/2008 | 0.90 | initial review of Plaintiffs' Objections to Schenkier's orders of 10/23/08 | $ | 270.00 |
| 11/4/2008 | 0.50 | meeting with co-counsel re: Plaintiffs' objections | $ | 150.00 |
| 11/5/2008 | 1.00 | travel and appearance for P's objections | $ | 300.00 |
| 11/6/2008 | 0.60 | legal research | $ | 180.00 |
| 11/15/2008 | 3.00 | review of case law and draft Defendants' response to P's objections | $ | 900.00 |
| 11/18/2008 | 1.00 | supervisor's review and comment on Defendants' response | $ | 300.00 |
| 3/3/2009 | 0.10 | review of Plaintiffs' counsel's declaration | $ | 30.00 |

24.25 TOTAL

$ 7,005.00

## GAIL REICH pg. 1

| Date | Time | Work performed | Cost $270/hr |
|------|------|----------------|--------------|
| 8/19/2008 | 0.30 | telephone conference from Kankakee with supervisor re: motion to seal and for protective order | $ 81.00 |
| 8/20/2008 | 0.50 | meeting with supervisor re: motion to seal and for protective order | $ 135.00 |
| 8/20/2008 | 0.10 | order expedited partial transcript of deposition of Michael Kelly | $ 27.00 |
| 8/20/2008 | 2.50 | draft motion to seal and for protective order, compile exhibits, filing | $ 675.00 |
| 8/26/2008 | 0.25 | review Plaintiffs response | $ 67.50 |
| 8/27/2008 | 1.00 | travel and court appearance, motion hearing | $ 270.00 |
| 8/29/2008 | 0.30 | draft memo to law clerk for issues to research | $ 81.00 |
| 9/2/2008 | 0.50 | meet with law clerk re: research project | $ 135.00 |
| 9/3/2008 | 0.30 | legal research (GR) | $ 81.00 |
| 9/5/2008 | 0.30 | meet with law clerk re: research project | $ 81.00 |
| 9/9/2008 | 1.00 | review of law clerk's research memo | $ 270.00 |
| 9/15/2008 | 0.25 | review Plaintiffs motion for extension of time | $ 67.50 |
| 9/18/2008 | 1.00 | revisions of Plaintiffs response | $ 270.00 |
| 9/18/2008 | 0.20 | legal research (GR) | $ 54.00 |
| 9/19/2008 | 0.50 | meeting with supervisor and co-counsel re: Plaintiffs' response | $ 135.00 |
| 9/23/2008 | 1.10 | legal research (GR) | $ 297.00 |
| 9/24/2008 | 3.00 | draft Defendants reply to plaintiff's response | $ 810.00 |
| 9/25/2008 | 0.25 | meeting with co-counsel re: reply | $ 67.50 |
| 9/26/2008 | 3.00 | draft Defendants' reply to plaintiff's response | $ 810.00 |
| 9/27/2008 | 1.50 | review of Law clerk's modifications to draft reply | $ 405.00 |
| 9/29/2008 | 1.50 | revisions of law clerk's modifictions to draft reply | $ 405.00 |
| 9/30/2008 | 0.50 | meeting with co-counsel re: Defendants' reply | $ 135.00 |
| 10/1/2008 | 0.10 | filing of reply | $ 27.00 |
| 10/21/2008 | 0.60 | review of Plaintiffs' motion for leave to file sur-reply and sur-reply | $ 162.00 |
| 10/31/2008 | 1.00 | initial review of Plaintiffs' Objections to Schenkier's orders of 10/23/08 | $ 270.00 |
| 11/4/2008 | 0.50 | meeting with co-counsel re: Plaintiffs' objections | $ 135.00 |
| 11/5/2008 | 0.30 | legal research (GR) | $ 81.00 |
| 11/5/2008 | 1.00 | travel and appearance for P's objections | $ 270.00 |
| 11/7/2008 | 6.00 | review P's objections and case law and draft Defendants' response to P's objections | $ 1,620.00 |
| 11/9/2008 | 2.50 | draft Defendants' response to P's objections | $ 675.00 |
| 11/12/2008 | 0.40 | meeting with co-counsel Re: Defendants Response to P's Objections | $ 108.00 |
| 11/13/2008 | 0.60 | legal research (GR) | $ 162.00 |
| 11/14/2008 | 4.50 | draft Defendants' response to P's objections | $ 1,215.00 |

GAIL REICH pg.2

| Date | Hours | Description | Amount |
|---|---|---|---|
| 11/14/2008 | 0.40 | legal research (GR) | $ 108.00 |
| 11/16/2008 | 2.00 | revisions of Defendants' response to P's objections | $ 540.00 |
| 11/18/2008 | 1.00 | supervisor's review and comment on Defendants' response | $ 270.00 |
| 11/19/2008 | 1.00 | revisions to D's response | $ 270.00 |
| 11/19/2008 | 0.50 | scan exhibits, file response | $ 135.00 |
| 2/23/2009 | 2.50 | draft and file Defendants' motion for extension of time to complete discovery pending court's ruling | $ 675.00 |
| 3/3/2009 | 0.10 | review of Plaintiffs' counsel's declaration | $ 27.00 |

45.85 TOTAL

$ 12,109.50

**NAOMI AVENDANO**

| Date | Time | Work performed | Cost $410/hr |
|------|------|----------------|--------------|
| 8/19/2008 | 0.30 | telephone conference with attorneys in Kankakee | |
| 8/20/2008 | 0.30 | meeting with attorneys re: motion to seal | $123.00 |
| 11/19/2008 | 0.60 | review Defendants' Response to P's Objections | $123.00 |
| | 1.20 | TOTAL | $246.00 |
| | | | $492.00 |

**ALEC MCAUSLAND**

| Date | Time | Work performed | Cost $410/hr |
|------|------|----------------|--------------|
| 8/20/2008 | 0.30 | meeting with attorneys re: Defendants' Motion for Seal | $ 123.00 |
| 8/20/2008 | 0.30 | review of Defendants' Motion for Seal | $ 123.00 |
| 11/18/2008 | 0.90 | review of Defendants' Response to P's Objections | $ 369.00 |
| | 1.5 | TOTAL | $ 615.00 |

## MEGAN MCGRATH

| Date | Time | Work performed | Cost $225/hr |
|------|------|----------------|--------------|
| 2/23/2009 | 0.25 | review/prepare Defendants' motion for extension of time to complete P's Depositions | $56.25 |
| | | TOTAL | $56.25 |

## CHERIE GETCHELL--LAW CLERK

| Date | Time | Work performed | Cost $125/hr |
|------|------|----------------|--------------|
| 9/5/2008 | 1.50 | legal research | $187.50 |
| 9/6/2008 | 3.00 | legal research | $375.00 |
| 9/24/2008 | 2.00 | legal research | $250.00 |
| 9/26/2008 | 2.00 | legal research | $250.00 |
| 9/29/2008 | 2.00 | legal research | $250.00 |
| | 10.50 | TOTAL | $1,312.50 |

## LEGAL RESEARCH COSTS

| Date | Time | Activity | Cost | |
|------|------|----------|------|---|
| 8/20/2008 | 2.00 | legal research (AK) & print charges | | |
| 9/3/2008 | 0.30 | legal research (GR) & print charges | $ | 165.37 |
| 9/18/2008 | 0.20 | legal research (GR) & print charges | $ | 251.08 |
| 9/23/2008 | 1.10 | legal research (GR) & print charges | $ | 580.56 |
| 10/1/2008 | 2.30 | legal research (AK) & print charges | $ | 933.65 |
| 11/5/2008 | 0.30 | legal research (GR) | $ | 88.12 |
| 11/6/2008 | 0.60 | legal research (AK) | $ | 190.96 |
| 11/13/2008 | 0.60 | legal research (GR) & print charges | $ | 274.57 |
| 11/14/2008 | 0.40 | legal research (GR) & print charges | $ | 157.88 |
| 11/19/2008 | 1.00 | legal research (GR) | $ | 446.46 |
| | 8.80 | TOTAL | $ | 3,088.65 |

**TRANSCRIPTS**

| DATE | DESCRIPTION | COST |
|------|-------------|------|
| 8/20/2008 | Expedited partial transcript--Michael Kelly Deposition | $ 45.84 |
| 8/29/2008 | Expedited full transcript--Michael Kelly Deposition | $ 554.25 |
| 9/2/2008 | Transcript of 8/27/08 Hearing--Schenkier | $ 63.05 |
| 10/28/08 | Copy of Transcript of 10/23/08 Hearing --Schenkier | $ 15.30 |
| | TOTAL | $ 678.44 |

**FEES FOR COPIES OF PAPERS**

| DATE | DESCRIPTION | # PAGES | COPIES | COST $0.15/PG |
|---|---|---|---|---|
| | | | | |
| | | | | |
| 8/20/2008 | download, print, & photocopy DE Nos. 73 & 74 | 17 | 3 | $ 7.65 |
| 8/25/2008 | download, print & photocopy DE No. 75 | 7 | 2 | $ 2.10 |
| 8/27/2008 | download, print & photocopy DE No. 77 | 1 | 2 | $ 0.30 |
| 9/10/2008 | download, print & photocopy DE Nos. 82 & 83 | 5 | 2 | $ 1.50 |
| 9/17/2008 | download & print Plaintiff's response to answer re: communications | 8 | 2 | $ 2.40 |
| 10/1/2008 | download, print, & photocopy DE No. 86 | 8 | 3 | $ 3.60 |
| 10/20/2008 | download, print & photocopy DE Nos.92, 93 | 4 | 2 | $ 1.20 |
| 10/23/2008 | download, print & photocopy DE No. 94 | 5 | 2 | $ 1.50 |
| 10/24/2008 | download, print & photocopy DE No. 95 | 1 | 2 | $ 0.30 |
| 10/31/2008 | download, print & photocopy DE Nos. 99 & 100 | 13 | 2 | $ 3.90 |
| 11/5/2008 | download, print & photocopy DE No. 104 | 1 | 2 | $ 0.30 |
| 2/23/2009 | download, print & photocopy DE Nos. 140 & 141 | 6 | 3 | $ 2.70 |
| 2/24/2009 | download, print & photocopy DE No. 144 & 145 | 14 | 3 | $ 6.30 |
| 2/26/2009 | download, print & photocopy DE No. 146 | 1 | 3 | $ 0.45 |
| 3/3/2009 | download, print & photocopy DE No. 148 | 1 | 3 | $ 0.45 |
| | TOTAL | | | $ 34.65 |

**TOTAL FEES & COSTS**

| | |
|---|---|
| Ashley Kosztya | $7,005.00 |
| Gail Reich | $12,109.50 |
| Megan McGrath | $56.25 |
| Naomi Avendano | $492.00 |
| Alec McAusland | $615.00 |
| Cherie Getchell | $1,312.50 |
| **TOTAL FEES** | **$21,590.25** |

| | |
|---|---|
| **COSTS** | |
| Transcripts | $678.44 |
| Legal Research | $3,088.65 |
| Copies | $34.65 |
| **TOTAL COSTS** | **$3,801.74** |

**TOTAL FEES & COSTS**  **$25,391.99**