# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4749 | **DATE** | 3/18/2013 |
| **CASE TITLE** | SWANIGAN vs. TROTTER, ET AL | | |

**DOCKET ENTRY TEXT**

For the reasons set forth, Plaintiff's Motion for Reconsideration [372] is denied.

■[ For further details see text below.]     Docketing to mail notices.

# STATEMENT

    On September 14, 2012, this Court issued an order in which it adopted the well-reasoned and thorough Report and Recommendation issued by Magistrate Judge Sidney I. Schenkier with respect to Plaintiff Rashad Swanigan's ("Plaintiff") petition for attorneys' fees.[1] As a result, the Court awarded Plaintiff $332,755.15 in attorneys' fees. Not satisfied with that ruling, Plaintiff now moves the Court to reconsider its decision and award him $841,765.68 in attorneys fees despite the fact that the judgment entered in his favor was only $60,000. Plaintiff's motion treats the Court's ruling like an opponent's brief instead of a binding judicial order that must be followed. If the Plaintiff believes the Court erred in reaching its decision, his proper recourse is to appeal the decision to the Seventh Circuit, not to file serial motions here that merely rehash the same arguments that were previously rejected by this Court. Accordingly, Plaintiff's motion is denied.

    Motions for reconsideration are extraordinary in nature and are viewed with disfavor. *See, e.g., Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1991 (7th Cir. 1990); *see also Marmi E. Graniti D'Italia Sicilmarmi S.p.A. v. Universal Granite and Marble,* 757 F. Supp. 2d 773, 781 (N.D. Ill. 2010). A motion for reconsideration is not an appropriate vehicle for relitigating arguments that the court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996). As a result, they are appropriate only: (1) where a court has misunderstood a party; (2) where the court has made a decision outside the adversarial issues presented; (3) where the court has made an error of apprehension; (4) where a significant change in the law has occurred; or (5) where significant new facts have been discovered. *See Broaddus v. Shields,* 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee,* 906 F.2d at 1191). Indeed "[a] motion to reconsider is frivolous if it contains no new evidence or arguments of law that explain why the [court] should change an original order that was proper when made." *Magnus Electronics, Inc. v. Masco Corp. of Indiana,* 871 F.2d 626, 630 (7th Cir. 1989).

**STATEMENT**

Plaintiff does not contend that the Court made a decision outside the adversarial issues presented, that a significant change in the law has occurred or that significant new facts have been discovered. Rather, in conclusory fashion, Plaintiff argues in his reply brief that "the Court has made an error of apprehension in its decision approving the Report and Recommendation that Ms. Dymkar be awarded $330/hour and Mr. Bowers be awarded $310/hour." (Doc. 382 at 3.) However, Plaintiff fails to identify what the Court's purported misapprehension was. Rather, he merely rehashes his previous arguments for why attorneys Dymkar and Bowers are entitled to a higher billing rate. It is inappropriate for the Plaintiff to file a motion for reconsideration merely because he disagrees with the Court.

Indeed, Plaintiff's other arguments seek to reargue issues the Court considered and ruled upon in its September 14, 2012 memorandum opinion and order. Namely, Plaintiff complains that: (1) the reduction of 37.2 hours for the participation of both Plaintiff's attorneys at certain depositions was unreasonable and unfair; and (2) that the lodestar here is the presumptive fee and it should not be reduced by 35%. The Court addressed all of these arguments in its September 14th Opinion. It is inappropriate for the Plaintiff to raise them again. *See Caisse Nationale,* 90 F.3d at 1270.

Finally, Plaintiff raises the argument that Judge Schenkier's ruling in this case was inconsistent with his fee awards in other cases. As an example, Plaintiff cites an opinion Judge Schenkier issued on October 4, 2012 in a Social Security Disability Insurance Benefits case entitled *Rendl v. Astrue,* No. 09 C 2695, 2012 WL 4754737 (N.D. Ill. Oct. 4, 2012) in which he found the plaintiff's attorney's requested hourly rate of $645 per hour was reasonable. However, no two cases are the same. Just because Judge Schenkier believed $645 per hour was reasonable in one case does not mean that Plaintiff's attorneys' requested fees are reasonable in this case. *See, e.g., McGuire v. Carrier Corp.,* No. 09 C 315, 2010 WL 231099, *1 (S.D. Ind. Jan. 13, 2010) (rejecting argument that inconsistent decisions warrant vacation of fee award because "[a]s Plaintiff surely realizes, no two cases are alike"). Indeed, the Seventh Circuit recognizes that a judge's exercise of discretion necessarily ensures inconsistency between awards. *See Johnson v. Daley,* 339 F.3d 582, 593-94 (7th Cir. 2003) ("the district judge's substantial discretion, which implies deferential appellate review of fee awards, ensures inconsistency"); *cf Miller v. Artistic Cleaners,* 153 F.3d 781, 784 (7th Cir. 1998) (explaining that, *inter alia,* the Seventh Circuit gives a high degree of deference to a lower court's determination of an attorney fee award because "the need to achieve uniformity in attorney's fees awards is not so compelling as to justify a high level of scrutiny"). Accordingly, the fact that Judge Schenkier awarded a higher rate to a different attorney in an unrelated case has no bearing on whether his decision, and this Court's adoption of that decision, to award to Plaintiff's attorneys' hourly rates of $330 and $310 was correct. Therefore, this argument provides no basis for this Court to reconsider its September 14, 2012 Opinion. Accordingly, the Plaintiff's motion fails to raise any grounds that warrant reconsideration of the Court's September 14, 2012 Opinion.

For the reasons set forth above, Plaintiff's Motion for Reconsideration is denied.

---

1. The Report and Recommendation issued by Judge Schenkier adopted another Report and Recommendation he issued concerning the same Plaintiff's counsel and the same type of case (§1983 allegations against the City of Chicago), tried before this Court a few weeks before the trial of this case. Judge Schenkier wrote a thorough Report and Recommendation in that case, *Ragland v. Ortiz,* No. 08-6157, that this Court adopted in its entirety. The issues presented by the attorneys' fee petition in that case and in this case were nearly identical. Indeed, the objections filed by Plaintiff's counsel in this case were largely a verbatim copy of the objections filed in the *Ragland* case and their pending motions for reconsideration are largely verbatim copies of one another. In adopting Judge Schenkier's Report and Recommendation in this case, the Court relied on both Judge Schenkier's Report and Recommendation issued in this case, the *Ragland* Report and Recommendation and the Court's opinion adopting the *Ragland*

recommendation.